Brownlee *v.* The Ohio, Indiana and Illinois Railroad Co.

---

BROWNLEE *v.* THE OHIO, INDIANA AND ILLINOIS RAILROAD COMPANY and Others.

Where, at the time of the organization of a corporation, there was a law in force authorizing the same, and after such organization, a person contracts with the corporation, and is sued upon such contract, he is estopped to deny the existence of the corporation.

It is not a good bar to an action upon a subscription to the stock of a railroad company, to aver that, at the time the subscription was made, the soliciting agent of the company agreed in writing, separate from the contract of subscription, that if the citizens of a named place and vicinity would subscribe a given sum to such stock, the proposed road should be located within a given distance of such place, and that such subscription should be expended on a certain part of said road, and that the subscription was made in consideration of such agreement, and that said agreement was not performed by the company.

Where a subscription is made in a small blank book, and is afterwards accepted by the railroad company, it is not necessary that the same should be transferred to the stock books of the company; and its acceptance would seem to make the book in which it was made

Brownlee *v.* The Ohio, ·Indiana and Illinois Railroad Co.

the stock book of the company to that extent, and would make the contract of subscription complete, and no notice of acceptance need be given before suit.

The allegation that the stock solicitor fraudulently represented that a sufficient amount of solvent stock was subscribed to complete the road within two years, and that the company was able, and could and would press said road to completion within that time, and failed to do so, constitutes no bar to recovery on such subscription.

APPEAL from the *Madison* Common Pleas.

WORDEN, J.—This was a proceeding by the appellant against the appellees, supplementary to execution. The complaint alleges the recovery by the plaintiff of a judgment against the railroad company, the issuing, &c., of an execution, and alleges that *Ramsey* is indebted to the company in the sum of 100 dollars for stock subscribed. A copy of the subscription is set out.

The defendant, *Ramsey*, filed an answer of eleven paragraphs. The first and second, which were mere denials, were afterwards withdrawn. Demurrers were filed to all the other paragraphs, and sustained as to all, except the 3d and 9th, and as to them overruled. Exceptions were duly taken on both sides. The plaintiff declining to reply to the 3d and 9th paragraphs, final judgment was rendered for the defendant.

The appellant assigns error in overruling the demurrer to the 3d and 9th paragraphs of the answer; and the appellee, *Ramsey*, assigns error in sustaining the demurrer to the others. We will first examine the errors assigned by the appellant.

The third paragraph of the answer admits the making of the subscription as alleged, but denies that the railroad company was a lawful corporation, setting out as a reason therefor, a failure in various respects, to comply with the statute prescribing the preliminary steps to be taken in order to create the corporation. The ninth is general, denying that

at the time of the subscription, or at the time of bringing this suit, the railroad company was a lawful corporation.

These paragaaphs were clearly bad, and the demurrer to them should have been sustained. Here there was no defect of power, as there was a law in force authorizing the formation of railroad corporations; and in such case, a person who contracts with an organized corporation, is estopped, in a suit upon such contract, to deny the existence of the corporation. This doctrine was so fully considered in the case of *Heaston* v. *The Cincinnati, &c., Railroad Co.*, 16 Ind. 275, that further reference or discussion is deemed unnecessary.

The 4th and 5th paragraphs were subject to the same objection; hence the demurrer to them was correctly sustained.

The 10th and 11th need not be further noticed, as it is not contended that they were good. The 6th, 7th and 8th remain to be considered.

The 6th sets up that the agent of the railroad company agreed in writing, (which agreement has been lost and can not be set forth), with the citizens of *New London* and vicinity. that if said citizens would subscribe 20,000 dollars to the stock of the company, the latter would locate their road within one half mile of *New London*, and that the stock so subscribed should be expended in the construction of the road west of the town of *Kokomo;* that the defendant subscribed upon that consideration, and with reference to said agreement, and that it was so intended by him and the agent of the company; that 20,000 dollars were not subscribed by the citizens of *New London* and vicinity, nor was the road laid out within half a mile of said town, nor has any work been done on the road west of *Kokomo*.

The subscription sued upon is absolute and unconditional, and we do not think the averments in this paragraph are sufficient to show that the written agreement pleaded, and the subscription, should be regarded as parts of an entire con-

tract; and besides this, it is averred that the 20,000 dollars was subscribed; hence, by the terms of the agreement, the company was not bound to locate the road within half a mile of *New London,* &c., and it does not appear that subscription were to be void if the sum named should not be subscribed.

The demurrer was correctly sustained to this paragraph.

The seventh paragraph avers that, though the defendant signed the instrument mentioned in the complaint, yet he did not thereby become a stockholder in the company. That at the time he signed the instrument, the stock book of the company had not been opened for subscriptions of stock, nor had a time and place been fixed therefor by the board of directors of the company, nor had any notice been given of the time and place when subscriptions to the capital stock of the company would be received. That three persons, naming them, called upon the defendant with a small blank book, and requested him to subscribe to the stock of the company, and that he made the subscription in the said book, but that he gave no authority to any of said agents or other persons, to transfer the subscription to the stock books of the company; that he had no notice before the commencement of this suit that the subscription had been transferred or accepted by the company, nor had such transfer and acceptance been made by the company.

We are of opinion that this paragraph of the answer was bad, and the demurrer thereto correctly sustained.

It should be observed that the complaint alleges that the subscription was delivered to the railroad company, and by it accepted. These allegations are not controverted or avoided by the paragraph in question. The pleading alleges that neither the agent, procuring the subscription, nor any other persons, were authorized to transfer the subscription to the stock books of the company. If the company accepted the subscription, there was no necessity for transferring it to the

stock books of the company. Indeed, the acceptance by the company of the subscription, would seem to make the book in which it was made, *the* stock book of the company. The acceptance of the subscription by the company rendered the contract complete, and no notice was necessary to the defendant before bringing suit upon it. *The New Albany & Salem R. R. Co.* v. *McCormick,* 10 Ind. 499. The paragraph concludes, "nor had such transfer *and* acceptance been made by the company." This is a conjunctive allegation, or rather negative. It asserts that the transfer and acceptance had not both been made. It is not equivalent to an averment that neither the transfer nor the acceptance had been made. It might be true that the company had accepted the subscription, and yet not be true that she had made the transfer *and* acceptance. Chitty Plead. 334.

The eighth paragraph sets up fraudulent representations made by the stock solicitor, "that there was then a sufficient amount of solvent stock subscribed to insure the speedy completion of the road within two years then next following; that the means of the company was ample, and that she could and would press said road to completion within that time."

This paragraph was insufficient, and the demurrer correctly sustained. *Bish* v. *Bradford,* at the last term.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded.

*John Brownlee,* for the appellant.

*N. R. Linsday,* for the appelles.