# CHARLESTON

## KELLER v. ROETTING.

### Submitted June 9, 1914.   Decided June 30, 1914.

1. FRAUD—*Pleading—Declaration.*

   In trespass on the case, for fraud inducing purchase of corporate stock, plaintiff must in his declaration affirmatively allege, and in his proof satisfactorily show, reliance on the false representations and that he was thereby misled and deceived to his injury. (p. 602).

2. SAME—*Evidence—Sufficiency.*

   Where in such case he relies upon his own judgment as to values, or the proof fails to show the nature and extent of damages caused by the misrepresentations complained of, there can be no recovery. (p. 602).

Error to Circuit Court, Cabell County.

· Action by George W. Keller against F. C. Roetting. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Simms, Enslow & Staker,* and *Williams, Scott & Lovett,* for plaintiff in error.

*George J. McComas,* for defendant in error.

LYNCH, JUDGE:

By this action, trespass on the case, Keller seeks to recover, as damages, the difference between the actual cost price of certain drug store stock of goods and fixtures, including a soda fountain, and the cost thereof as represented by Roetting at the time of the purchase. In substance, it is an action for deceit, based upon false and fraudulent representations of the actual cost price of the fixtures and supplies. The deal was for the capital stock of the corporation, and not in the specific fixtures or drug supplies.

After averring in detail the cost represented as paid and that actually paid by the company, plaintiff in his declaration alleges reliance on the truth of the representations; that thereby defendant intended to deceive and in fact did deceive him. Without these averments, of course, the declaration would have been insufficient, and therefore demurrable. While in some jurisdictions reliance on misrepresentations as to values is, under some circumstances, inferred, in this state plaintiff must prove reliance thereon by him, as well as their falsity. Or, as stated in *Broyles* v. *Bee,* 18 W. Va. 514, "where a vendee relies upon misrepresentations as inducing him to enter into a contract, he must satisfactorily show not only that he relied upon such representations, but also that they were false". Therefore, in order to recover in this action, it was necessary that plaintiff show by proof that he relied on and was misled and deceived by defendant in the negotiations for the purchase of the shares of stock, as well as the extent of the damage thereby occasioned.

But we search in vain for any evidence tending in any degree to show any of these essential elements of his right of recovery, except that the representations were false. On the contrary, as he admits, plaintiff had had twelve years' previous experience in the drug business, had examined the soda fountain, and thought its costs was about what the company had actually paid for it according to defendant's representations.

Likewise, he also admits he examined the other fixtures and the entire stock of goods, and that in his opinion the cost named by the defendant was not excessive. To quote his language: "From the way the stock looked, and the way it was fixed down in the basement, and all, it certainly appeared to me there was at least that much stock", meaning of course according to the valuation represented to him. These admissions tend to negative reliance by him on the verity of defendant's representations. As stated in 8 Enc. Pl. & Pr. 906, 907, "the plaintiff must allege that he was induced to act by reason of the false representations complained of and was thereby misled"; and "the evidence must support the allegation of inducement and reliance, and the plaintiff must show that the transaction of which he complains was actually induced by the defendant's representations upon which he relied, and when the evidence shows the plaintiff relied exclusively upon his own judgment he fails to support his case, though it is not necessary that the representations should have been the sole inducement to the transaction".

Nor does plaintiff show, except inferentially, in what respect or to what extent he suffered injury as the result of the negotiations. Quoting again from the same author at page 908: "It must be alleged in the declaration or complaint that plaintiff has suffered damage in consequence of the representations complained of, and he must also prove that he was injured thereby, or in some way placed in a worse situation than if the words spoken had not been false".

Plaintiff willingly admits he did not discover defendant's deception until the expiration of nearly three years after the purchase. He purchased the stock in the corporation September 12, 1908; and therefrom until July, 1911, he made no effort to ascertain the actual cost of any of the various items discussed pending the negotiations. The information secured as a basis for this action he obtained through the traveling salesman of one of the furnishing companies, who he says was frequently at his store between 1908 and 1911, and through communications by him with the other company. This information was available from the same sources at an earlier date, indeed before the final consummation of the deal. By

this is not meant that for this reason alone he is not entitled to recover; but it suggests an apparent satisfaction with the transaction. During the period named, he continued to conduct the drug business, sell and replenish the stock, and otherwise deal with it, without complaint or effort to discover the real original cost price of the fixtures and goods owned by the corporation. He did not even invoice the goods until July, 1911.

Under these circumstances and want of necessary proof, the circuit court in our opinion did not err in excluding plaintiff's evidence and directing a verdict for defendant, even if it may have erred in its rulings upon the period for limitations prescribed by § 12, ch. 104, Code 1913, on the propriety of which we deem it unnecessary to express any opinion.

For these reasons, we affirm the judgment complained of.

*Affirmed.*