# CHARLESTON.

## HERVEY *v.* CROUCH

Submitted September 9, 1924.  Decided September 16, 1924.

FRAUD—*Declaration Must Allege Injury From Fraud.*

> In an action of trespass on the case for fraud and deceit, involving the fraudulent alteration of a lease by defendant, the plaintiff must affirmatively allege in his declaration that the injury complained of resulted from the fraudulent act of the defendant; and a declaration which fails to contain such necessary averment will be held insufficient on demurrer.

> (Fraud, 27 C. J. § 157).

NOTE:  Parenthetical references by Editors, C. J.—Cyc.  Not part of syllabi.

Case Certified from Circuit Court, Brooke County.

Action by W. F. Hervey against G. D. Crouch.  Order overruling demurrer to declaration was certified for review.

*Reversed.*

*J. M. Ritz,* for defendant.

LIVELY, JUDGE:

This is an action of trespass on the case for fraud and de-

ceit, brought by the plaintiff, W. F. Hervey, against the defendant, G. D. Crouch. In the court below the defendant demurred to the declaration of the plaintiff. The lower court overruled the demurrer, and on the court's own motion the ruling on the demurrer was certified to this court.

The declaration alleges, in substance, that defendant, G. D. Crouch, claimed to be possessed of a certain oil and gas lease on real estate situate in Monroe County, Ohio; that the defendant by falsely and fraudulently representing that the said oil and gas lease was the lease that had been duly signed, sworn to, and acknowledged by the grantors, Jacob Walter and Lena Walter, his wife, and that the lease was in full force and effect, and that by ''working on the gas well situate on said lease to fix it up holds the lease in full force'', induced the plaintiff to buy defendants unexpired undivided one-third interest in and to said lease and the gas well situate thereon with the fixtures and equipment located at and in said well for the sum of $375.00, which plaintiff paid to defendant; that upon the purchase of this one-third interest from the defendant and another one-third interest from one T. J. Gracey ('who had likewise purchased an undivided one-third interest in the lease in reliance upon the same fraudulent representations made to him by defendant), the said plaintiff immediately commenced to fix, work and operate said oil and gas lease, and expended divers sums of money, to-wit $4,000.00, in the working, fixing and operating said gas well mentioned in said lease, and that after the plaintiff had, with due diligence on his part, and within the time specified in said supposed lease, worked, fixed and operated said gas well situate on the premises described in said lease, the grantor, Jacob Walter, in May, 1922, commenced an action in the Common Pleas Court of Monroe County, Ohio, to quiet the title of said grantor in and to said lease upon the ground that said lease had expired, and in said cause offered proof that the said defendant had altered, forged and changed said lease by the addition of the following words, to-wit: ''as working on the present gas well to fix it up or operate it holds this lease in full force'', and that upon the final hearing of said cause the court found for the said plaintiff, Jacob Walter, and required the plaintiff to surrender said lease, gas well and

all rights pertaining to the same, to the said Jacob Walter. Plaintiff further alleges that he was induced to expend large sums of money in the fixing, working and operating of said gas well, as aforesaid; that plaintiff was compelled to expend the sum of $1,000.00 in defense of the suit brought against the plaintiff by the said Jacob Walter, as aforesaid set out; that the said interlineations and insertions as aforesaid, were forged and fraudulent, and intended to deceive and did deceive the said plaintiff; that the plaintiff after the determination of the aforementioned suit was compelled to give up and surrender said oil and gas lease, together with said gas well and fixtures in and about the said well to the said Jacob Walters, the owner of the land and minerals mentioned and described in said lease, to the damage of the plaintiff of $10,000.00.

Does the declaration in this case allege all the elements necessary to constitute actionable fraud? In pleading fraud it is a well established rule that every act, fact and intent which necessarily entered into it must be plainly and specifically set out with such certainty and precision as to exclude every other construction. It cannot be inferentially pleaded. *Lumber Co.* v. *Rose*, 87 W. Va. 484, 105 S. E. 792; *Loomis* v. *Jackson*, 6 W. Va. 613; *Dickinson* v. *Banker's Loan & Investment Co.*, 93 Va. 498; 27 Corpus Juris, Sec. 147, page 30; 12 R. C. L. Sec. 166, page 419. The fraud which furnishes the foundation for an action of deceit or for rescission in equity exists where a person makes a false representation of a material fact susceptible of knowledge, when he does not know whether it is true or false, with intention to induce the person to whom it is made, in reliance upon it, to do something to his pecuniary hurt, when such person acting with reasonable prudence is thereby deceived and induced so to do to his damage. 20 Cyc. 10; *Martin* v. *South Bluefield Land Co.*, 81 W. Va. 62, 94 S. E. 493.

The plaintiff in his declaration does not allege, except inferentially, that he has suffered damage as a result of the alleged addition or interlineation made by defendant. It must be affirmatively alleged in the declaration that the plaintiff has suffered damage in consequence of the fraudulent act complained of. *Keller* v. *Roetting*, 74 W. Va. 601,

82 S. E. 755. It is true that the plaintiff alleges that in the suit brought by the grantor, Jacob Walter, in the Common Pleas Court of Monroe County, Ohio, to quiet the title of said grantor upon the ground that the lease had expired, that proof had been offered that defendant had altered, forged and changed said lease by the addition of the words, "as working on the present well to fix it up or operate it holds this lease in full force", and that as a result of said suit plaintiff was compelled to give up and surrender said oil and gas lease, by reason of which he has sustained the damage complained of. But does the inference necessarily follow that because of the offering of such proof the court had cancelled the lease? We believe not. The court may have rested its decision on entirely different grounds. The lease, even though it may have been entirely genuine, might have been cancelled by the Ohio court for some good cause. It is provided in the lease that the grantee is "to hold said premises for said purposes for the term of six months from this date, and so long thereafter as oil or gas is produced thereon, or the said party desires to drill well or wells on this lease or operate the present gas well." The original six months period mentioned in the lease had expired at the time of the institution of the suit in Ohio to cancel the same, and it is not alleged in the plaintiff's declaration that the plaintiff produced oil and gas within six months, or that at the end of the six months he was drilling an additional well or wells, or that at the end of said six months he was operating the present gas well on the lease. It is not charged that the lease was cancelled because of the interlineation complained of as fraudulent. The fraud complained of must be the cause of the injury and the damages asserted. If the fraud does not result in the injury, it has worked no harm. The pleading must show: (1) that the act claimed to be fraudulent was the act of defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) *that he was damaged because he relied upon it. Houston* v. *McNeer,* 40 W. Va. 370, 22 S. E. 80.

It may be argued that the declaration properly construed contains the allegation that the lease was cancelled because

of the fraudulent insertion therein by defendant of the words, "as working on the present well to fix it up or operate it holds this lease in full force." It does so only by inference. Unless it does so plainly and specifically, excluding every other reasonable conclusion, the fraud is not well pleaded. *Loomis* v. *Jackson*, 6 W. Va. 613. Therefore, as the plaintiff has failed to affirmatively allege that by reason of the fraudulent act of the defendant he has suffered the damages complained of, his declaration is insufficient. The demurrer to the declaration should have been sustained, and we so answer the question certified.

*Ruling reversed.*