# CHARLESTON.

EDWARD G. KIMMELL *v.* EASTERN COAL & MINING CO. *et al.*

(C. C. 367.)

Submitted September 8, 1925.    Decided September 15, 1925.

EQUITY—*Bill in Equity, Containing Clear and Specific Allegations of False Representations Inducing Making Contract, Held Sufficient on Demurrer.*

> A bill contains averments of fraud too general to be well pleaded. It also contains clear and specific allegations that existing and essential matter was falsely represented to one ignorant thereon for the purpose of inducing, and which did induce, the making of a contract. *Held*, the general averments will be treated as surplusage and a demurrer to the bill overruled.
>
> (Equity, 21 C. J. § 465.)

> (NOTE:  Parenthetical references by Editors, C. J.—Cyc.  Not part of syllabi.)

Case certified from Circuit Court, Mineral County.

Suit by Edward G. Kimmell against the Eastern Coal & Mining Company and others. After overruling a demurrer to a second amended and supplemental bill, the court, on joint request of the parties, certified the cause.

*Affirmed.*

*William MacDonald*, for plaintiff.

*Arthur Arnold* and *W. Elliott Nefflen*, for defendants, Eastern Coal & Mining Company and James E. Cross.

HATCHER, JUDGE:

This is a suit in chancery instituted in the Circuit Court of Mineral County. The original bill in this cause was certified to this court in 1924, and by us held insufficient on demurrer for the reason that the charges of fraud therein were too general. See *Kimmell v. Coal & Mining Co.*, 97 W. Va. 154. Upon the return of the cause to the Circuit Court, an amended and supplemental bill was filed. A demurrer thereto having been sustained, a second amended and supplemental bill was then exhibited, which the lower court held to be sufficient; but upon the joint request of the parties, again certified the cause here.

The original and first amended bills are made parts of the second amended bill, so it is now necessary to consider together the material allegations of all three pleadings. The careful digest of the original bill made by Judge LIVELY, when the case was here before, is as follows:

"(1) That defendant is a foreign corporation with authorized capital stock of $1,000,000.00, of which from $250,000.00 to $300,000.00 has been sold, including $2,500.00 to plaintiff, on which it guaranteed 8% dividends, with the agreement that it would furnish its stockholders coal at cost of production plus thirty cents per ton, and would pay no salaries to its managing officers until all dividends were paid; (2) that plaintiff purchased 2,500 shares of stock of the par value of $2,500.00 and in payment therefor deeded to the corporation two valuable lots in the City of Keyser worth $2,500.00, being induced to do so by the express statements, representations and agreements as to the then value of the stock and the assurance that it would soon become very valuable; and with the understanding that the lots would be utilized for

coal tipple, coal yard and offices in order to supply coal to its stockholders; (3) that the stock at that time did not have any real value, a fact which the corporation knew; and in selling the stock to plaintiff withheld from him the true facts as to its financial ability, the amount of its property, the kind and character of its investments, with intent to deceive, but assured plaintiff that it was financially able to carry out its agreements, that its income was increasing from coal sales, and that defendant knew, or had reason to know, that its financial ability was such that it could not carry out its promises; and, relying upon said promises, representations and guaranties, the stock was purchased by plaintiff, and because of defendant's failure to make good its promises, guaranties and representations, the shares of stock are worthless and the consideration for the lots deeded has failed; (4) that as soon as plaintiff learned the real facts of the fraud perpetrated upon him he demanded a rescission of the contract and was refused; and from all the facts he has learned about the organization of defendant, the extent, character and value of its investments, its failure to sell all its stock and its failure to carry out its guaranties and agreements, he avers that the exchange of stock for his lots of land was in bad faith on the part of defendant and was for the purpose of defrauding him; (5) that he has received only $38.90 in dividends covering a period from October 10, 1921, to March, 1922, which is not what was promised in the way of dividends, and tenders the dividends so paid, together with the stock, back to defendant; that the corporation has had no meeting of its stockholders since its organization and has given to its stockholders no statements or information relating to its standing and condition as required by law; (6) that defendant did not have coal mines sufficient to carry out its agreement to furnish coal to its stockholders, and was never able financially to carry out its agreements and representations, and its failure to do so is a fraud upon plaintiff; that defendant's president stated under oath to the Auditor of the State, in October, 1921, that all of its stock was sold to the Liberty Investment Company, of Cumberland, Maryland, which statement plaintiff says was not true, as the defendant sold

stock direct to individuals and received payment therefor; that before plaintiff discovered the falsity of defendant's representations he inquired of defendant why it was paying no dividends and why it did not erect its tipples and coal yard on plaintiff's lots, and why it was not carrying out its agreements, and was assured that the corporation was doing a large business, needed its moneys in the conduct of its business elsewhere, and that the value of its stock was increasing, which statements were false and made to prevent plaintiff from making investigations, and from proceeding to recover his lots. An averment is contained in the bill to the effect that defendant has executed a deed of trust on the lots to secure payment of a note to James E. Cross, which deed was made for the purpose of hindering and embarrassing plaintiff in the assertion of his rights, in which purpose all of the parties to the trust deed participated.

The prayer is for a rescission of the contract because of the alleged fraud, cancellation of the trust deed, and reconveyance of the title of the lots to plaintiff, and for general relief.''

The first amended bill contains much general averment of fraud, as well as charges of fraudulent representations which do not appear to have been made directly to the plaintiff. It contains, however, material supplementary allegations as follows:

That the sale of the lots to the defendant corporation was made at the solicitation, negotiation, and upon the representations and statements of fact made to plaintiff by Howard Cross, who was at the time president of the company;

That Howard Cross told the plaintiff during these negotiations (a) that the defendant company was then the owner of large and valuable areas of coal; (b) that it had coal mines in operation of capacity sufficient to supply all the stockholders, according to their guarantee, and had coal yards in various towns and cities throughout the country; (c) that the company had purchased and was then the owner in fee of a tract of 8,000 acres of coal situate just across the river from Hinton, West Virginia, extending as far as Glade Creek in Raleigh

County; (d) that, according to survey, the tract
contained 90,000,000 tons of coal, and that a rail-
road was then being constructed up Glade Creek,
which would serve the company's mines; (e) that
the defendant company was also the owner of coal
lands free from debt in the county of Preston,
which were being operated; (f) that the company
guaranteed to plaintiff an annual dividend of 8%
on his shares of stock; (g) that the company guar-
anteed the sale and delivery of coal to plaintiff from
its mines at cost plus 30c per ton;

That the plaintiff had no knowledge of the com-
pany's affairs and that the statements so made by
the president of the company were relied on by,
and induced plaintiff to accept the certificate of
stock in the company in exchange for his two lots;

That all such representations of fact were false,
were known, or should have been known, by defend-
ant's president to be false, and that none of the
guarantees of the company have been by it per-
formed.

The first amended bill also contains charges of fraudulent
management against the officers of the company. As these
charges relate to acts subsequent to the purchase of the stock
by the plaintiff, we do not deem it necessary to detail them
here.

The second amended bill contains further charges of official
mismanagement, together with the general charge that, "al-
though frequently requested so to do," the company has never
delivered to its stockholders coal at cost plus 30c per ton.

The specific averments in the second amended bill add but
little, if any, weight to the plaintiff's plea. It is different,
however, with certain facts alleged in the first amended bill,
which are incorporated into the second amended bill. The
representations alleged in the first amended bill, as detailed
above, are clearly and affirmatively stated and contain all the
essential elements of actionable fraud, in that, as pleaded,
they *were false, were of existing and essential matter, and
induced the making of the contract.* These allegations, there-
fore, comply with the requirements of point 3 of the syllabus
in *Kimmell* v. *Coal & Mining Co., supra,* as well as with point

1 of *Houston* v. *McNeer,* 40 W. Va. 365, a case relied upon strongly by counsel for the demurrant.

Counsel also urge here certain objections made before the Circuit Court to the filing of the first and second amended bills. These objections are based in part on failure of notice. So far as the objections do not lie to the *sufficiency* of the pleading, we can not now consider them, because the statute under which this case was certified to us permits decision only upon the questions as to the *sufficiency of the pleading.* So far as the objections challenge the merits of the plea, our answer to them is the same as that to the demurrer.

Demurrants further contend that no facts are alleged showing that defendant, James E. Cross, is not an innocent third party, and a *bona fide* creditor of the defendant company. We hold that the allegation in the original bill relating to James E. Cross, when considered with the material allegations of the first amended bill, is sufficient to warrant, if true, a cancellation of the trust deed in his favor.

Counsel also enumerate certain general averments of fraud made by plaintiff as to transactions subsequent to the purchase of plaintiff's stock, which they contend are not sufficient to sustain a charge of fraud. Admitting their contention is well founded as to these general averments, nevertheless, we find sufficient misrepresentation properly pleaded to sustain the plea as a whole, and we treat as surplusage those allegations which are too general to be sufficient.

The demurrer to the second amended and supplementary bill was properly overruled, and the holding of the Circuit Court thereon is therefore affirmed.

*Affirmed.*