# CHARLESTON.

FINDLEY *v.* SMITH *et al.*

DURBIN *v.* SAME.

Submitted June 22, 1896—Decided Nov. 18, 1896.

1. INTEREST IN SUIT—JUDGE.
    It is a fundamental rule in the administration of justice that a person can not be a judge in a cause wherein he is interested, whether he be a party to the suit or not.

2. ASSIGNMENT—JUDGMENT—WITHOUT RECOURSE.
    By an assignment of a judgment, although without recourse, the assignor warrants that the judgment is what it purports to be, that he has done nothing to prevent the assignee from collecting it, and that it has not been paid; but, being without recourse, he is not answerable for the insolvency of the judgment debtor.

3. INTEREST IN SUIT—JUDGE—VOIDABLE DECREE.

In this state there is no statute bearing directly on the point, and a decree pronounced by a person thus interested in the cause is not void, but only voidable, as being a decree not according to law, and to be set aside only when brought under review, and upon objection taken.

4. INTEREST IN SUIT—JUDGE—FORMAL ORDERS.

Mere formal orders, such as are necessary to bring the cause before the proper tribunal, and where nothing is decided—mere orders entered to advance the cause towards a final hearing—may be entered by an interested judge, but that is the extent of his power.

5. COMMISSIONER'S REPORT—EXCEPTIONS—EQUITY PRACTICE.

Under chapter 129 of the Code, as amended by chapter 8 of the Acts of 1895, any party may except to a commissioner's report at the first term of the court next after the term at which the same is filed; but, subject to such right to except, the cause may be heard upon such commissioner's report at any time after it is returned; and various interlocutory orders, such as an order of recommittal, may be entered at such hearing, but not a final decree confirming such report, except at the risk of the exercise of such right of exception within the time given by the statute.

6. CO-SURETIES—PARTIES—DECREE.

Where there is a judgment at law against a principal debtor and his two sureties, and a bill is filed in equity for the purpose, *inter alia*, of enforcing the lien of the judgment against the real estate of the principal and the real estate of one of the sureties, his co-surety is a proper party, and, being made a party, is not in any way served with process, and does not appear, and a joint personal decree is pronounced against them, *held*, the co-surety decreed against, who was before the court, has right of complaint that the court entered a void decree against his co-surety.

7. EXECUTION—RETURN OF EXECUTION.

According to the statute and practice in this state, a writ of *fi. fa.* goes into the officer's hands, to be executed and returned in good faith according to the exigency of the writ, without avoidable delay; and the officer is not required by the statute to hold it throughout the time the writ has to run, but may properly return it before the return day.

SAMUEL V. WOODS for appellants, cited Acts 1895, chapter 8, section 7; 21 W. Va. 689; Cooly's Const. Lim. 411; Hopk. Ch. 2; 21 Pick. 191; 11 Mich. 139; Code, c. 112, s. 11; Code, c. 129, s. 3; 86 Va. 410; Devlin, Deeds, ss. 476-7; 29 Gratt. 679; Freeman on Judg. §§ 136, 144; 23 Am. Rep. 769; 39 W. Va. 579; Code, c. 125, s. 35; 1 Bart. Ch. Prac. 417; Story, Eq. Pl. 688.

U. G. YOUNG for appellees, cited 18 W. Va. 185; 20 W. Va. 536; 29 W. Va. 471; 35 W. Va. 536; Works "Courts and their Jurisdiction," ch. 2, § 62; Am. & Eng. Enc. Law, Vol. 12, pp. 47 & 48; 11 W. Va. 342; 18 Gratt. 83; 15 W. Va. 805; 26 W. Va. 710, 754; 27 W. Va. 229, 639; Code, c. 125, s. 52, 53; 10 W. Va. 645; 32 W. Va. 45; 37 W. Va. 201; 6 W. Va. 417; 14 W. Va. 1, 254; 21 W. Va. 262, 698; 24 W. Va. 525; 25 W. Va. 416; 33 W. Va. 159, 197; 36 W. Va. 454; 38 W. Va. 669; 30 W. Va. 103; 32 W. Va. 447; Code, c. 134, s. 3; 11 W. Va. 277; 7 W. Va. 380.

C. C. HIGGINBOTHAM and W. H. FISHER for appellees:

I.— *W. G. Bennett assignor not interested.*—11 W. Va. 342; 14 W. Va. 387; 18 W. Va. 185.

II.— *W. G. Bennett not a party.*—18 W. Va. 185; 20 W. Va. 520; 35 W. Va. 520.

III.—*No continuance.*—Code, p. 809, s. 52; 19 W. Va. 187; 10 W. Va. 187; 14 W. Va. 254; 32 W. Va. 148; 32 W. Va. 45; 37 W. Va. 201.

IV.—*Jane Smith should have excepted to the report.*—14 W. Va. 521; 22 W. Va. 159.

V.—*Jane Smith's answer and replication.*—19 W. Va. 176; 38 W. Va. 616.

VI.—*Jane Smith and Joseph C. Smith not prejudiced.*—15 W. Va. 801; 26 W. Va. 745; 27 W. Va. 229; 26 W. Va. 710; 36 W. Va. 681; Code, p. 809, s. 57.

VII.—*Equity has jurisdiction.*—3 Pomeroy Eq. Jur. § 1415; 1 Nelise, 330; 5 Duer, 681; 1 E. D. Leath, 414; 35 N. Y. 99; 6 J. J. March, 219; 11 Geo. 524; 5 Blackf. 561; 24 Ind. 257; 8 Patch. 469; 9 Pai. 386; 3 Pai. 311; 5 How. 396; 25 N. Y. 430.

VIII.—*Joseph C. Smith did not demur to the bill nor did Jane Smith.*—Section 3, chapter 134, Code.

IX.—*No vendor's lien retained by Jane Smith.*—Code, c. 75, s. 1; 39 W. Va. 570.

HOLT, PRESIDENT:

On appeal by Joseph P. Smith and Jane Smith, defendants, from decrees rendered in the above two causes heard together by the Circuit Court of Upshur county, on the 19th day of August, 1895, and on the 14th day of June, 1895.

On the 6th day of January, 1894, William Loudin, a justice of Upshur county, rendered in favor of W. G. Bennett, against defendant J. C. Smith, a judgment for thirty one dollars and seventy three cents, and four dollars and twenty five cents costs, which was entered on the judgment lien docket on the 29th day of January, 1894. On the subject of "Identity," see 16 Am. & Eng. Enc. Law, 119, note 6. On the 14th day of February, 1894, W. G. Bennett, for value received, and without recourse on him, assigned and transferred this judgment, by written assignment to plaintiff William K. Findley. W. G. Bennett was and is the judge of the circuit court of Upshur county. On the 11th day of March, 1894, plaintiff William K. Findley brought his suit in equity, in the circuit court of Upshur county, against defendant Joseph C. Smith and others, to enforce the lien of this judgment against the real estate of defendant Joseph C. Smith, in pursuance of chapter 139 of the Code. He made other lienholders parties, naming W. G. Bennett a party in the writ, but did not make him a party in the bill. The bill was filed, setting forth plaintiff Findley's judgment and the various lienholders made defendants in the bill. On the 6th day of June, 1894, the usual order of reference was entered in the cause, directing the commissioner in chancery, to whom the cause was referred, to ascertain and report the real estate owned by defendant Joseph C. Smith, the liens thereon, the dates, priorities, and amount of each, to whom due, etc., to convene the lienors by notice, as required by the statute. On the 6th day of June, 1895, defendant Jane Smith filed her answer, which was also made, in effect, a cross bill. The commissioner's report was completed and filed in the clerk's office on the 24th day of May, 1895, and plaintiff filed three exceptions thereto on the 3d day of June, 1895, and plaintiff Charles Durbin, executor, one exception. The commissioner reported 32 liens, and, among them, No. 4 in order of the priority, as to the tract of land mentioned, and No. 2, as to a certain lot, this judgment of W. G. Bennett against Joseph C. Smith, and plaintiff W. K. Findley was the holder thereof by assignment. Defendants Porter, Maxwell and William Post answered Jane Smith's answer and cross bill. The process

was not served on defendants Ira Ward and Abram Talbott. On the other defendants not answering, and among them defendant Joseph C. Smith, the bill was taken for confessed, and the cause was set for hearing. On the 14th day of June, 1895, these causes were heard together, before the said W. G. Bennett, Judge of the circuit court of Upshur county, who on that day pronounced one of the decrees here complained of, in which, among other things, it was decreed that Joseph C. Smith do pay plaintiff Findley the sum of thirty seven dollars and eight cents, the amount of principal and interest to that date of the W. G. Bennett judgment, fixing its order of priority as No. 4, against certain tracts of land named, and also giving a decree against Joseph C. Smith, Jane Smith, and Ira Ward in favor of Traders' National Bank, for the sum of one thousand and fifty five dollars and ninety eight cents and interest, and, on nonpayment against a day fixed, directing a commisioner appointed for the purpose to sell the real estate on the usual credit. Section 5 of chapter 134 of the Code provides that, where a decree is entered against a defendant on a bill taken for confessed, the judge in vacation may, on motion, reverse it for any error for which an appellate court might reverse it. Such motion required reasonable notice, and forbade an appeal until such motion was made and overruled in whole or in part. On the 14th day of August, 1895, after due notice accepted, Joseph C. Smith and Jane Smith filed before Judge .W. G. Bennett, in vacation, their petition and exhibits, setting forth the grounds of error in the decree, and moving the court to set the same aside. Upon argument of counsel, the judge overruled the motion, and defendants Joseph C. Smith and Jane Smith obtained this appeal.

Six grounds of error were assigned in the petition presented to the judge in vacation, and seven in the petition to this Court. Errors assigned are as follows: First. It was error for Judge G. W. Bennett to make any decrees in these causes, becauses he was a party to the record. Second. It was error for the circuit court to make a final decree upon the commissioner's report at the first term after the report was filed, because it is in violation of appellants' right to except thereto, under section 7 of chapter 8 of the Acts of

1895. Third. It was error for the circuit court to render a decree against petitioners and Ira Ward for one thousand and fifty five dollars and ninety eight cents, without any process upon Ward or appearance by him. Fourth. It was error in the circuit court to sustain an exception to the annuity of two hundred dollars reported in favor of Jane Smith, as a lien upon the Chrislip farm, because the deed for the farm shows that a lien for the annuity exists. Fifth. It was error to make any decree upon the commissioner's report, because he did not return with his report all the evidence filed before him, and the depositions taken in the execution of his order of reference, as required by the act of 1895. Sixth. It was error for the circuit court to make any decree in the first named cause after the filing of Jane Smith's answer, praying for affirmative relief, and setting up new matter, constituting a claim for affirmative relief, after the special reply thereto of Post and Maxwell had been filed, without giving her time to sustain the issue thus raised between the co-defendants by proof. Seventh. It was error for the court to allow Findley's suit to be maintained, because his bill shows upon its face that he was not within the condition under which he might enforce the lien of the Bennett judgment, as provided by chapter 139, s. 7, of the Code, because no execution had been duly returned upon the judgment, showing that no property could be found to satisfy the same.

It is confidently insisted that the identity of the name of W. G. Bennett, judge of the circuit court, and W. G. Bennett, judgment creditor of Joseph C. Smith, raises such a presumption that they are the same person that this presumption must be rebutted or overcome by proof. The petition of appellants, supported by affidavit, and filed in vacation, alleges that they are the same person. This is not denied.

No. 1. Judge Bennett is named in the summons, but was not served with process, nor is he named as a party defendant in the bill. It is, however, alleged in the bill that he obtained said judgment against defendant Joseph C. Smith, assigned it to plaintiff Findley, without recourse, by written assignment, which is filed as an exhibit, and that

said judgment has not, nor has any part thereof, been paid either to the said W. G. Bennett or to plaintiff. The assignment being in writing, and unconditional and absolute, and the extent and validity of it being neither doubted nor denied, Judge Bennett was not a necessary party (*Vance* v. *Evans*, 11 W. Va. 342; *Chapman* v. *Railroad Co.*, 18 W. Va. 184); and, not being made a party by name either in the caption of the bill or in the prayer for the parties, he was not a party to the suit [*Bland* v. *Stewart*, 35 W. Va. 518. 520 (14 S. E. 215)]. This, no doubt, was the view the learned judge took of the case, and no objection being made, nor his attention called to it, as ought to have been done by counsel on both sides, especially counsel for plaintiff, he entered the decree complained of. I was at first inclined to take the same view, but the authorities do not justify it. No man can be a judge in his own cause. *Bonham's Case*, 8 Coke, 107a; *Earl of Derby's Case* (1686) 12 Coke, 114; Co. Litt. § 212. It is a fundamental rule in the administration of justice that a person can not be a judge in a cause wherein he is interested. 2 Bac. Abr. 621; Broom, Leg. Max. 116; *Dimes* v. *Grand Junc. Canal*, 3 H. L. Cas. 759. And where there is a direct necessary interest, it matters not how remote the interest may be, or how small or insignificant in amount; the maxim must be held sacred, and even the appearance of evil be avoided. But in this state, where there is no statute bearing directly on the point, such a decree is not void, but only voidable, as being a decree not according to law, and to be set aside when brought under review, and upon objection taken. Mere formal orders necessary to bring the cause before a proper tribunal, and where nothing is decided—mere orders to advance the cause towards a final hearing—an interested judge may enter, but that is the extent of his power. See *State* v. *Hocker* (Fla.) 25 Lawy. Rep. Ann. 114, note 116; s. c. 15 South. 581; Cooley, Const. Lim. (6th Ed.) 509, and cases cited; 1 Freem. Judgm. §§ 144-146; 12 Am. & Eng. Enc. Law, 49. See *Moses* v. *Julian*, 84 Am. Dec. 114, and notes; *State* v. *Young* (Fla.) 12 South. 673; *Clymar* v. *Kennedy* (Conn.) 29 Atl. 539. The question is, had Judge Bennett any such disqualifying interest in this re-

latively insignificant judgment? He had transferred uncon-
ditionally, and without recourse, the absolute equitable
ownership, and was not a party on the record, nor a neces-
sary party. But the bill alleged it to be a valid subsisting
judgment, which had not been paid to him as assignor, nor
to plaintiff, as assignee; and Commissioner Totten so found
and reported, and Judge Bennett, by the decree complained
of, so held and decreed; and if it was not a valid and sub-
sisting judgment, or had been paid to Judge Bennett, then
he would have been liable to his assignee, notwithstanding
the assignment without recourse, for the assignor warrants
that there is such a judgment, that it is unpaid, that the
debtor is liable for it, and if, in fact, the judgment has been
paid to the assignor, he is liable to the assignee for the
amount paid for the assignment, for a satisfied judgment
is, in fact, not judgment as regards those to whom it may
be transferred after its payment. *Lile* v. *Hopkins,* 12 Smedes
& M. 299; 2 Am. & Eng. Enc. Law (2d Ed.) 1090. And
the term "without recourse" does not relieve the transac-
tion of such implied warranty. *Mays* v. *Callison,* 6 Leigh,
230. Under the assignment without recourse, the assignee
took upon himself all risks of collecting the money, pro-
vided the instrument assigned was, in fact what it seemed
to be—a genuine, valid, subsisting debt. *Houston* v. *Mc-
Neer,* 40 W. Va. 365 (22 S. E. 80). By an assignment of a
judgment, even though it be without recourse, the assignor
warrants that it is what it purports to be, that he has done
and will do nothing to prevent the assignee from collect-
ing it, and that it has not been paid; but he is not answer-
able for the insolvency of the judgment debtor. *Miller* v.
*Dugan,* 36 Iowa, 433; *Furniss* v. *Ferguson,* 15 N. Y. 457;
*Johnson* v. *Boice,* 40 La. Ann. 273 (4 South. 163); 2 Freem.
Judgm. § 426a. It is not necessary to say to those of the
state where the learned judge was born and has lived all
his life, without fear and without reproach in that regard,
that the amount involved, no matter how great, would not
raise with the bitterest foe the slightest suspicion of im-
proper motive; and therefore it is a cause in which this im-
portant principle can be laid down without ground of of-
fense to any one.

No. 2. Appellants' second ground of error is based upon chapter 8 of the Acts of 1895, amending sections 7 and 8 of chapter 129 of the Code. As to Code 1891, see c. 129, s. 7: "But any party may except to such report at the first term of the court to which it is returned," *etc.*, and section 9: "A cause may be heard upon a commissioner's report at any time after it is returned." And now, as amended, it reads (section 7): "And any party may except to such report at the first term of the court next after the term at which the same is filed." This puts it for all pratical purposes where it was under the Code of 1849, when there were but two terms a year. A cause may be heard upon a commissioner's report at any time after it is returned by section 9, as it still stands modified by the later enactment. The appellant contends that this final decree entered at the first term after the report was returned was to his injury, and in violation of his right to except at the first term of the court next after the term at which the same was filed. The present meaning of section 7, as amended, and section 9, is that any party may except to such report at the first term of the court next after the term at which the same is filed, and the cause may be heard upon a commissioner's report at any time after it is returned, subject to such power of exception at the first term of the court next after the term at which the same was filed— that is, exceptions may be considered and passed upon, the report may be recommitted with or without the exceptions, with or without special directions, *etc.*, provided no final decree is entered depriving any party of his right to except to such report at the first term of the court at which the same is filed; for it would be inconsistent with the principles and course of practice of the court to expressly permit any and all parties to except to the report after it has been confirmed by final decree. This is the only construction by which these two sections can be made to stand together without violating the general principles of equity practice. As it is, it will prove inconvenient and troublesome enough, without making it more so by giving the right to except to a report after it has been confirmed by final decree. For discussion of the law as it was before the amendment of 1895, see *Kester* v. *Lyon*, 40 W. Va. 161 (20 S. E. 933). If

this view is correct, then the appellant, Joseph C. Smith has shown that he had ground of exception which he was deprived of making within the time given him by the statute, because the court, at the first term after the report was returned, confirmed it, and ordered a sale of his land.

No. 3.    The decree against Joseph C. Smith, Jane Smith, and Ira Ward for one thousand and fifty five dollars and ninety eight cents was certainly erroneous as to Ira Ward, who was not served with process, and never in any way appeared in the suit.    He does not complain, but, being confessedly erroneous as to him, is it unimpeachable on that ground by his two co-debtors decreed against, who were served with process, and were before the court? It appears in this record that appellant Jane Smith and Ira Ward were the sureties of Joseph C. Smith in the debt of one thousand and fifty five dollars and ninety eight cents. As to this debt, Ira Ward was a necessary party.    Accordingly, he was made a defendant, and it was the duty of plaintiff to see that he was served with process, or a proper excuse given, before decreeing against his co-surety, Jane Smith on the debt in question; and she has a right to complain because plaintiff has taken against him a void and worthless decree on this joint judgment.    It ought to have been such a decree that, when she pays it all, she can use it against him when she proceeds to make him pay his part. On this general subject, see *McCoy's Ex'r* v. *McCoy's Devisees*, 9 W. Va. 443; *Craig* v. *Sebrell*, 9 Gratt.133; *Dower* v. *Church*, 21 W. Va. 23, 51; *Ferguson* v. *Millender*, 32 W. Va. 30 (9 S. E. 38).    If Ira Ward was a necessary party for the protection of the rights of Jane Smith, plaintiff can not avoid the trouble of bringing him before the court by taking a void decree against him.

No. 4.    As to this ground of error, I leave it untouched, except to say that I do not now see any resemblance between the deed in this case and the deed in *McClure* v. *Cook*, 39 W. Va. 579 (20 S. E. 612).

No. 7.    The writ of *fi. fa.* goes into the officer's hands, to be executed in good faith, without avoidable delay, according to the exigency of the writ, within the time fixed by the return day, and not necessarily to be held through-

out such term. Hence, according to our practice, the officer need not keep the writ until the return day. For the law and practice in the various states, see 2 Freem. Executions (2d Ed.) § 353.

For the reasons given, the decree complained of are reversed, and the causes remanded for further proceedings to be had therein.

NOTE BY BRANNON, JUDGE:

It is but proper to say that no member of the Court imputes the slightest improper intent to the circuit judge in acting in this case. The facts forbid that. A petty judgment of about thirty one dollars was owned by him, but had been assigned away; and it was reported as a lien by a commissioner among various debts, and without any defense or exception to that judgment, without any suggestion or objection from any quarter to the judge acting, without being named as a party in the bill, he heard the case on this report, and decreed this debt, not to himself, but his assignee. It was a simple inadvertence— one which I or any one else might make.