R. L. JONES

*v.*

WILLIAM B. STRAUS

(No. 9534)

Submitted January 8, 1947. Decided February 11, 1947.

[REDACTED]

*John F. Throckmorton,* for plaintiff in error.

*D. B. Leonard,* for defendant in error.

RILEY, JUDGE:

On February 4, 1941, L. N. Pickens, a Justice of the Peace of Parkersburg District, Wood County, sustained a motion of William B. Straus to quash an execution issued against said Straus on December 10, 1940. This execution was based on a judgment rendered August 29, 1917, by H. G. Butcher, a former justice of the district aforesaid, in favor of R. L. Jones, in a case in which the latter was plaintiff and Wm. B. Straus was defendant. Straus had appeared specially by counsel on December 10, 1940, for the sole purpose of moving to quash and dismiss said execution. As appears from his transcript, Pickens acted on the theory that an execution on said judgment issued on August 27, 1937, (the one relied on to keep the judgment alive) had not been made within ten years from August 11, 1927, the date on which the last preceding execution was issued, as well as the date on which the constable had made his return "No property found". On appeal the circuit court, acting in lieu of a jury, after hearing the case *de novo,* sustained the motion to quash the challenged execution. Although the court took the position, as appears from its opinion, made a part of the record by order, that the execution of 1937 had been issued in time, he entered judgment quashing the execution of December 10, 1940, on the ground that the justice issuing same was not "the successor of said justice, H. G. Butcher, by line of succession and, there-

fore, the official dockets, papers and books of said H. G. Butcher are not lawfully * * * in his custody, * * *." It is to judgment for defendant that plaintiff prosecutes this writ of error.

At the outset we deem it necessary to direct attention to the following pertinent statutory provisions: " * * * executions for the enforcement of the judgment of a justice in a civil action may be issued by the justice by whom such judgment was rendered, or his successor in office, or the justice with whom the docket in which judgment is entered is lawfully deposited at any time within ten years from the entry of the judgment, or, where execution issues within ten years as aforesaid, other executions may be issued on such judgment within ten years from the return day of the last execution issued thereon, on which there is no return by an officer or which has been returned unsatisfied, * * *." (Code, 50-14-9). Also, "* * * It [an execution] shall be returnable within sixty days from its date, * * *." (Code, 50-14-11).

Was the issuance of the execution of August 27, 1937, timely? As heretofore noted, the officer to whom the execution of August 11, 1927, was directed, made his return on the date of its issuance, although the writ commanded that he make his return "within sixty days from this date". Under Section 9 above, the ten-year period, which is involved here, begins to run "from the return day of the last execution issued thereon." This provision, of itself, necessarily fixes the return day as the sixtieth day after the date of issuance of the writ. The return day is a component part of the execution itself; whereas the return is simply the answer of the officer to the writ. "According to the statute and practice in this state, a writ of fi. fa. goes into the officer's hands, to be executed and returned in good faith according to the exigency of the writ, without avoidable delay; and the officer is not required by the statute to hold it throughout the time the writ has to run, but may properly return it before the return day." Syl. 7, *Findley*

v. *Smith,* 42 W. Va. 299, 26 S. E. 370. Thus it follows that the execution of 1937 was, in fact, issued within the ten-year period provided for in the statute. As the record stands, on December 10, 1940, the judgment was still alive.

The circuit court's position on the second point is based in part on Code, 50-1-4, which provides for a designation by the county court of successors of outgoing justices "When two justices are elected or appointed in any district in place of two others, * * *." H. G. Butcher and the four justices through whom the books formerly in the custody of Butcher, particularly Docket 15, passed to Pickens, with the exception of J. E. McGlothlin and S. W. Cain, testified before the circuit court. It clearly appears from their testimony, together with that of others that the books, including Docket No. 15, were actually turned over to and accepted by each succeeding justice on assumption of the duties of his office, including the two not testifying; and that Pickens succeeded Cain by an order of the County Court of Wood County. The statute, as the language indicates, contemplates a situation where there is a dispute as to which one of two new justices in the district succeeds to the books of a particular outgoing justice. No such dispute is presented by this record. Further, we believe that the statute sought to be invoked is directory and not mandatory.

It appears that Pickens came into the possession and control of Butcher's records, including Docket No. 15, in regular succession. Whether Docket No. 15 was or was not available at the time of the issuance of the execution of December 10, 1940, is of no moment. The fact remains that he had a valid basis for the issuance of the execution, the attorney for plaintiff having furnished him with the necessary facts obtained from the judgment lien docket in the county clerk's office. The record also discloses that Docket No. 15 was actually in Pickens' hands at the time of the hearing in the circuit court, and showed that the basis of facts upon which

the execution was issued on December 10, 1940, was correct. In *Anderson* v. *Henry*, 45 W. Va. 319, 325, 31 S. E. 988, this Court stated: "Code, c. 50, s. 182 (Now Code, 50-6-13), makes the docket evidence, but not conclusive, and thus it is not exclusive evidence."

The judgment of the Circuit Court of Wood County sustaining defendant's motion to quash the execution of December 10, 1940, is reversed and said execution is reinstated.

*Reversed and execution reinstated.*