BILLY JOE KEITH

*v.*

C. R. GERBER, *Mayor of the City of St. Marys*

(No. 13363)

Submitted May 29, 1973.            Decided June 26, 1973.

*Campbell & Hanlon, David G. Hanlon,* for relator.

*Carl P. Bryant,* for respondent.

BERRY, PRESIDENT:

The relator, Billy Joe Keith, filed a petition for a writ of prohibition with this Court on May 8, 1973 praying that a rule be issued against the respondent, C. R. Gerber, the Mayor of the City of St. Marys, West Virginia, to show cause why a writ of prohibition should not be awarded the relator to prohibit the respondent from proceeding against the relator on a certain traffic citation summoning him to appear before the respondent. The relator's primary

contention is that the mayor should be disqualified from hearing the case because the mayor, acting as municipal judge, has a pecuniary interest in the outcome of the case. A rule to show cause was issued by this Court on May 14, 1973 returnable May 29, 1973 at which time the case was submitted for decision on briefs, exhibits, and oral arguments on behalf of the respective parties.

It appears from the pleadings that the relator was issued a traffic citation on May 2, 1973 by a municipal police officer of the City of St. Marys, West Virginia.

The relator contends that Mayor Gerber, as municipal judge, should be disqualified from trying his case because the mayor has a pecuniary interest in the outcome of the case. The mayor, in addition to his $300 per year salary, receives $5 for each conviction he obtains in his court. The $5 fee for each conviction is paid into the city's general fund but subsequently returned to the mayor. The relator contends the mayor has received an average of $2,118 per year from the $5 fees for the last five years as additional compensation for his services as municipal judge. If a person is found not guilty of the violation, the mayor receives no compensation for having heard the case.

Although the respondent filed an answer denying the allegations in the relator's petition, an exhibit was filed showing that the mayor received monies for the conviction of individuals tried by him in the mayor's court, and it was admitted on argument and brief by counsel for the respondent that the mayor received $5 for each conviction of cases tried in the municipal court.

It has been repeatedly held that where a judge has a pecuniary interest in any case to be tried by him he is disqualified from trying the case. *Tumey v. Ohio,* 273 U.S. 510, 47 S. Ct. 437, 71 L. Ed. 749; *Findley v. Smith,* 42 W.Va. 299, 26 S.E. 370; *Williams v. Brannen,* 116 W.Va. 1, 178 S.E. 67; *State ex rel. Osborne v. Chinn,* 146 W.Va. 610, 121 S.E.2d 610; *State ex rel. Moats v. Janco,* 154 W.Va. 887, 180 S.E.2d 74.

There was no usage at common law by which justices of the peace, or minor judicial officers, were paid fees on conditions that they convict the accused, and such practice clearly violates the due process clause of the Federal Constitution. *Tumey v. Ohio, supra.* It was held by this Court in point one of the syllabus of *Findley v. Smith, supra,* that: "It is a fundamental rule in the administration of justice that a person can not be a judge in a cause where in he is interested, whether he be a party to the suit or not."

It was held in the case of *Williams v. Brannen, supra,* that no man can be a judge in his own case, and that this maxim applies in a case where a judge or inferior judicial officer is interested, as well as in a case in which he is a party. The second point of the syllabus of the case of *Williams v. Brannen, supra,* quoting from the case of *Tumey v. Ohio, supra,* clearly sets out this principle wherein it was stated: "Every procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of law." In the *Williams* case the justice of the peace collected fees when a defendant was convicted, sent such fees to the sheriff who placed the money in the "general school fund" but later returned the fees to the justice of the peace. That is exactly what was done in the case at bar as the money was sent to the city's general fund and later returned to the mayor. It was also held in the *Williams* case that where a judge or magistrate was disqualified from trying the case, prohibition was the proper proceeding to restrain the judge from trying the case.

In the case of *State ex rel. Osborne v. Chinn, supra,* it was held that where a statute provided for a justice of the peace to be paid a salary solely out of a separate or special fund designated "Justices Account" and provided for the account to consist of monies obtained from cases tried by justices of the peace, the statute violated the due

process clauses of the Federal and State Constitutions and prohibition was the proper remedy to restrain a justice of the peace from trying a case in which he was disqualified.

It was stated in point two of the syllabus of the case of *State ex rel. Moats v. Janco, supra,* that: "A justice of the peace is disqualified from acting in a criminal case in which he has a pecuniary interest, however remote, and a judgment of conviction rendered by him in such case is void because violative of the due process clauses of the Federal and State Constitutions."

In the instant case it appears that some fines and costs other than the $5 received by the mayor when an accused was convicted went into the city's general fund although it is not clear from the pleadings, briefs and arguments as to the amount. It was held in the case of *Ward v. Village of Monroeville, Ohio,* 409 U.S. 57, 93 S. Ct. 80, 34 L. Ed. 2d 267, that a mayor acting as a municipal judge was not a disinterested party to a case tried by him where he was responsible for village finances, and the court over which he presided provided through fines, fees and costs, a substantial part of the village funds. Inasmuch as this question was not properly developed in the case presented here it is not necessary to discuss the matter and it appears it is not applicable because of the different circumstances involved in the two cases.

On June 5, 1973 this Court handed down an opinion in the case of *State ex rel. Reece v. Gies,* 156 W.Va. 729, 198 S.E.2d 211 (1973), which held that a justice of the peace was disqualified from trying a case in which he could obtain an additional fee if he found a judgment in favor of the plaintiff in a civil action brought before him.

For the reasons stated herein, the writ prayed for prohibiting the respondent from trying the petitioner is granted.

*Writ granted.*