IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2019 Term

_____

No. 19-0404

_____

FILED

**November 5, 2019**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA *ex rel.*,
MUNICIPAL WATER WORKS,
Petitioner

v.

THE HONORABLE DEREK C. SWOPE,
sitting by special assignment as Judge of the Circuit Court of Wyoming County;
SHERMAN TAYLOR, DAVID BAILEY, and JOANNA BAILEY,
Respondents

_____

CORRECTED  OPINION

PETITION FOR WRIT OF PROHIBITION

WRIT GRANTED

_____

Submitted: October 2, 2019
Filed: November 5, 2019

Duane J. Ruggier, II, Esq.                     Adam D. Taylor, Esq.
Evan S. Olds, Esq.                              Taylor & Hinkle, Attorneys at Law, Inc.
Pullin, Fowler, Flanagan,                       Stephen P. New, Esq.
Brown & Poe, PLLC                               Amanda J. Taylor, Esq.
Charleston, West Virginia                       The Law Office of Stephen P. New
Counsel for Petitioner                          Beckley, West Virginia
                                                Counsel for Respondents

JUSTICE ARMSTEAD delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

2.      "This Court will review a circuit court's order granting or denying a motion for class certification pursuant to Rule 23 of the *West Virginia Rules of Civil Procedure* [1998] under an abuse of discretion standard." Syl. Pt. 1, *In re W. Va. Rezulin Litig.*, 214 W. Va. 52, 585 S.E.2d 52 (2003).

i

3.      "Where a judge has a pecuniary interest in any case to be tried by him he is disqualified from trying the case, and prohibition is the proper remedy to restrain such trial." Syl. Pt. 1, *Keith v. Gerber*, 156 W. Va. 787, 197 S.E.2d 310 (1973).

4.      "It is a fundamental rule in the administration of justice that a person cannot be a judge in a cause wherein he is interested, whether he be a party to the suit or not." Syl. Pt. 1, *Findley v. Smith*, 42 W. Va. 299, 26 S.E. 370 (1896).

5.      "Before certifying a class under Rule 23 of the *West Virginia Rules of Civil Procedure* [1998], a circuit court must determine that the party seeking class certification has satisfied all four prerequisites contained in Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and has satisfied one of the three subdivisions of Rule 23(b).  As long as these prerequisites to class certification are met, a case should be allowed to proceed on behalf of the class proposed by the party." Syl. Pt. 8, *In re W. Va. Rezulin Litig.*, 214 W. Va. 52, 585 S.E.2d 52 (2003).

6.      "The numerosity provision of Rule 23(a)(1) of the *West Virginia Rules of Civil Procedure* [1998] requires that a class be so numerous that joinder of all of its members is 'impracticable.' It is not necessary to establish that joinder is impossible; rather, the test is impracticability. The test for impracticability of joining all members does not mean 'impossibility' but only difficulty or inconvenience of joining all members." Syl. Pt. 9, *In re W. Va. Rezulin Litig.*, 214 W. Va. 52, 585 S.E.2d 52 (2003).

7.      "The 'commonality' requirement of Rule 23(a)(2) of the *West Virginia Rules of Civil Procedure* [1998] requires that the party seeking class certification show that 'there are questions of law or fact common to the class.' A common nucleus of

ii

operative fact or law is usually enough to satisfy the commonality requirement. The threshold of 'commonality' is not high, and requires only that the resolution of common questions affect all or a substantial number of the class members." Syl. Pt. 11, *In re W. Va. Rezulin Litig.*, 214 W. Va. 52, 585 S.E.2d 52 (2003).

8.      "The 'typicality' requirement of Rule 23(a)(3) of the *West Virginia Rules of Civil Procedure* [1998] requires that the 'claims or defenses of the representative parties [be] typical of the claims or defenses of the class.' A representative party's claim or defense is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. Rule 23(a)(3) only requires that the class representatives' claims be typical of the other class members' claims, not that the claims be identical. When the claim arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment." Syl. Pt. 12, *In re W. Va. Rezulin Litig.*, 214 W. Va. 52, 585 S.E.2d 52 (2003).

9.      "The 'adequacy of representation' requirement of Rule 23(a)(4) of the *West Virginia Rules of Civil Procedure* [1998] requires that the party seeking class action status show that the 'representative parties will fairly and adequately represent the interests of the class.' First, the adequacy of representation inquiry tests the qualifications of the attorneys to represent the class. Second, it serves to uncover conflicts of interest between the named parties and the class they seek to represent." Syl. Pt. 13, *In re W. Va. Rezulin Litig.*, 214 W. Va. 52, 585 S.E.2d 52 (2003).

10.     "The party who seeks to establish the propriety of a class action has the burden of proving that the prerequisites of Rule 23 of the *West Virginia Rules of Civil Procedure* have been satisfied." Syl. Pt. 6, *Jefferson Cty. Bd. of Educ. v. Jefferson Cty. Educ. Ass'n*, 183 W. Va. 15, 393 S.E.2d 653 (1990).

11.     "A class action may only be certified if the trial court is satisfied, after a thorough analysis, that the prerequisites of Rule 23(a) of the *West Virginia Rules of Civil Procedure* have been satisfied.  Further, the class certification order should be detailed and specific in showing the rule basis for the certification and the relevant facts supporting the legal conclusions." Syl. Pt. 8, *State ex rel. Chemtall Inc. v. Madden*, 216 W. Va. 443, 607 S.E.2d 772 (2004).

12.     "'Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.' *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466, 133 S. Ct. 1184, 1195, 185 L. Ed. 2d 308 (2013)." Syl. Pt. 7, *State ex rel. West Virginia University Hospitals, Inc. v. Gaujot*, 242 W. Va. 54, 829 S.E.2d 54 (2019).

13.     "When consideration of questions of merit is *essential* to a thorough analysis of whether the prerequisites of Rule 23 of the *West Virginia Rules of Civil Procedure* [2017] for class certification are satisfied, failing to undertake such consideration is clear error and an abuse of discretion." Syl. Pt. 8, *State ex rel. West Virginia University Hospitals, Inc. v. Gaujot*, 242 W. Va. 54, 829 S.E.2d 54 (2019).

ARMSTEAD, Justice:

Petitioner Municipal Water Works ("Municipal Water") invokes this Court's original jurisdiction in prohibition to challenge the March 12, 2019, order issued by the Circuit Court of Wyoming County granting respondents' ("plaintiffs")[1] motion for class certification. In its petition to this Court, Municipal Water raises two main arguments: 1) the circuit court judge, the Honorable Warren R. McGraw ("circuit court judge"), should have disqualified himself prior to granting the motion to certify the class because he is a potential class member; and 2) the circuit court's order did not contain a "thorough analysis" of the four class certification prerequisites in Rule 23(a) of the *West Virginia Rules of Civil Procedure*. After review and for the reasons stated herein, we grant the requested writ of prohibition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, individually and on behalf of "a class of similarly situated individuals," filed a complaint on June 19, 2018, in the Circuit Court of Wyoming County against Municipal Water. The complaint alleged that "each putative class member was a customer of [Municipal Water] . . . and, as a result, was exposed to illness causing pollutants in their water supply." This exposure, according to the complaint, put the class members at "an increased risk of illnesses including, but not limited to, kidney and liver disease, failure and/or cancer." Further, the complaint alleges that the polluted water led a

---

[1] Plaintiffs below are Sherman Taylor, David Bailey, and Joanna Bailey.

1

"certain subset" of the class members to develop and seek treatment for illnesses including "kidney and liver disease, failure, or cancer."

Plaintiffs defined two sub-classes in their complaint: 1) customers who suffered and were treated for adverse health effects, and 2) customers who require medical monitoring for adverse health effects. The complaint provides that "[t]his class action seeks damages, punitive damages, costs, establishment of a medical monitoring fund, attorneys' fees, and other relief as a result of [Municipal Water's] conduct described herein."

On December 7, 2018, plaintiffs filed a motion for class certification, asserting that the proposed class "potentially consists of thousands of [sic] who were exposed to carcinogenic water provided by Defendant [Municipal Water] between 2016-2018, including not only those who suffer from adverse health effects, but also those who appear to be healthy but seek medical monitoring relief. Counsel for Plaintiffs have already been retained by 26 of those affected who are seeking to file suit." Municipal Water filed a response to this motion, noting that limited discovery had occurred, and asserting that only one plaintiff, Sherman Taylor, alleged an actual injury:

> Plaintiff Taylor is the only named plaintiff to allege an injury. In the Complaint, the Baileys are simply listed as customers of [Municipal Water]. They do not allege that they have suffered any injury. At this point in the litigation, adequate discovery has not been provided by the plaintiffs and there are no other known named plaintiffs that have allegedly been harmed by alleged polluted water.

Based on this argument, Municipal Water urged the circuit court to deny the motion for class certification because the plaintiffs failed to satisfy the four prerequisites contained in Rule 23(a) of the *West Virginia Rules of Civil Procedure*—numerosity, commonality, typicality, and adequacy of representation.[2]  After holding a hearing, the circuit court entered an order granting class certification.  The "conclusions of law" section of the circuit court's order recites our case law addressing the four prerequisites contained in Rule 23(a).  The order then sets forth the following analysis of the four prerequisites:

> [Numerosity]: The size and scope of the putative class is sufficiently large to compel the conclusion that numerosity does lie, and that joinder of this many individuals is impracticable.  Therefore, Plaintiffs have satisfied the numerosity prong of Rule 23(a).
> . . . .
>
> [Commonality]: Given the nature of the claims in the case, class members share overarching questions of both law and fact in relation to the class claim; as such, the commonality prong of Rule 23 is satisfied.
> . . . .

---

[2] Rule 23(a), entitled "Prerequisites to a Class Action," provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

3

[Typicality]: Plaintiffs' claims rest on precisely the same legal and factual foundations as those of the class which they seek to represent. There are no significant legal or factual differences between Plaintiffs' claims and those of the proposed class members. Their interests are squarely aligned with the interests of the class members and his claims arise from the same course of conduct as the claims of the class members. Therefore, Plaintiffs have satisfied the typicality requirement of Rule 23(a).

. . . .

[Adequacy of representation]: The absent class members are more than adequately represented by Plaintiffs, both in similarity and in zeal.[3]

Following entry of the circuit court's order, Municipal Water filed the instant writ on April 26, 2019, seeking to prohibit enforcement of the class certification order. On May 2, 2019, the circuit court judge advised this Court that counsel for Municipal Water filed a motion for his disqualification. Further, the circuit court judge advised this Court that he "wishes to recuse himself voluntarily from presiding" over this matter. By

---

[3] The "findings of fact" section of the circuit court's order also addresses adequacy of representation:

[C]lass counsel have litigated this matter vigorously thus far and are qualified, experienced and able to conduct the litigation. Class counsel have vigorously and competently prosecuted approximately five class actions, all of which proceeded to successful resolution for the class. Class counsel has extensive litigation experience in West Virginia courts. Their practice includes the representation of plaintiffs in personal injury, medical malpractice, and other civil matters, as well as litigation involving multiple defendants.

4

administrative order entered on May 16, 2019, this Court granted the motion for disqualification.[4]

## II. STANDARD OF REVIEW

This Court set forth the following standard for issuance of a writ of prohibition when it is alleged a lower court is exceeding its authority:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

Additionally, this Court has "previously recognized that writs of prohibition offer a procedure . . . preferable to an appeal for challenging an improvident award of class

---

[4] This Court's May 16, 2019, order appointed the Honorable Derek C. Swope to replace the circuit court judge.

standing." *State ex rel. Chemtall Inc. v. Madden*, 216 W. Va. 443, 450, 607 S.E.2d 772, 779 (2004) (internal citation and quotation omitted). It also has been held that "[t]his Court will review a circuit court's order granting or denying a motion for class certification pursuant to Rule 23 of the *West Virginia Rules of Civil Procedure* [1998] under an abuse of discretion standard." Syl. Pt. 1, *In re W. Va. Rezulin Litig.*, 214 W. Va. 52, 585 S.E.2d 52 (2003).

## III. ANALYSIS

Municipal Water asserts that it is entitled to a writ based on the first three *Hoover* factors.[5] In support of its argument, Municipal Water raises two main assignments of error: 1) the circuit court judge should have disqualified himself prior to granting the motion for class certification because he is a potential class member, and 2) the circuit court's order did not contain a "thorough analysis" explaining how plaintiffs satisfied the four prerequisites contained in Rule 23(a). We address both arguments in turn.

### A. Disqualification

It is undisputed that the circuit court judge who granted the motion certifying the class is a potential class member—Municipal Water supplies water to the circuit court judge's residence and to the Wyoming County courthouse. Municipal Water asserts that

---

[5] While plaintiffs filed a brief contesting Municipal Water's petition for a writ of prohibition, counsel for plaintiffs conceded during oral argument that the most economical and fair way to proceed in this matter is for this Court to vacate the class certification order and remand to the circuit court for further proceedings.

because the circuit court judge is a potential class member his "impartiality is reasonably and necessarily questioned. It is not disputed that [the circuit court judge] had more than a de minimus interest in the proceeding and a clear economic interest in the subject matter in controversy when he certified the class." Thus, to avoid the appearance of impropriety, the circuit court judge had a duty to disqualify himself, according to Municipal Water. We agree.

Rule 2.11 of the *West Virginia Code of Judicial Conduct* provides, in relevant part:

> (A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances: . . .
>
> (2) The judge knows that the judge . . . is: (a) a party to the proceeding, . . .; (c) a person who has more than a de minimis interest that could be substantially affected by the proceeding; . . .
>
> (3) The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, domestic partner, parent, or child, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or is a party to the proceeding.

(Internal asterisks omitted).

Under Rule 1.2 of the *West Virginia Code of Judicial Conduct*, "[a] judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and shall avoid impropriety and the appearance

of impropriety." (Internal asterisks omitted). In *Tennant v. Marion Health Care Found., Inc.*, 194 W. Va. 97, 108, 459 S.E.2d 374, 385 (1995), Justice Cleckley noted:

> To protect against the appearance of impropriety, courts in this country consistently hold that **a judge should disqualify himself or herself from any proceeding in which his or her impartiality might reasonably be questioned**. Again, we have repeatedly held that where the circumstances offer a **possible** temptation to the average . . . [person] as a judge not to hold the balance nice, clear and true between the parties, a judge should be recused.

(Emphasis added, cleaned up).

Additionally, this Court has held that "[w]here a judge has a pecuniary interest in any case to be tried by him he is disqualified from trying the case, and prohibition is the proper remedy to restrain such trial." Syl. Pt. 1, *Keith v. Gerber*, 156 W. Va. 787, 197 S.E.2d 310 (1973). *See also* Syl. Pt. 1, *Findley v. Smith*, 42 W. Va. 299, 26 S.E. 370 (1896) ("It is a fundamental rule in the administration of justice that a person cannot be a judge in a cause wherein he is interested, whether he be a party to the suit or not.").

This Court has addressed whether a justice of the peace [magistrate][6] may preside over a case in which he or she has a potential interest. "A justice of the peace is

[6] In *State v. Mason*, 162 W.Va. 297, 298 n.1, 249 S.E.2d 793, 795 n.1 (1978), this Court provided:

> Article VIII § 15 of the Judicial Reorganization Amendment of 1974 abolished the office of justice of the peace, effective January 1, 1977, and W. Va. Code § 50-1-17 [1976] requires that all references in the West Virginia Code to 'justices of the peace' or to 'justice' when meaning 'justice of the

8

disqualified from acting in a criminal case in which he has a pecuniary interest, however remote, and a judgment of conviction rendered by him in such case is void because violative of the due process clauses of the Federal and State Constitutions." Syl. Pt. 2, *State ex rel. Moats v. Janco*, 154 W.Va. 887, 180 S.E.2d 74 (1971). Similarly, this Court found that a justice of the peace was disqualified from acting in a civil case in which he had an interest. *State ex rel. Shrewsbury v. Poteet*, 157 W.Va. 540, 545-46, 202 S.E.2d 628, 631 (1974) ("It is essential to the fair and proper administration of justice that courts, whether the highest in the land or the most minor, be completely independent, absolutely free from influence *and wholly without any pecuniary interest, however remote*, in any matter before them." (Emphasis added)); Syl. Pt. 1, *State ex rel. Osborne v. Chinn*, 146 W.Va. 610, 121 S.E.2d 610 (1961) ("Where a justice of the peace has any pecuniary interest in any case to be tried by him, however remote, he is disqualified from trying such case.").

Courts outside of our jurisdiction have concluded that a judge should be recused when he or she has a potential financial interest in a class action. In *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1029 (5th Cir. 1998), the court addressed whether a judge was required to recuse herself when members of her immediate family could join a class action:

> Should the class action prove successful, Judge Lemmon's spouse or minor child would be entitled to recover financially. Although few federal courts have ever reached the issue

peace' shall be construed to mean magistrate as created by the provisions of that chapter.

9

squarely, **it seems fairly obvious that where a judge or an immediate family member is a member of a class seeking monetary relief, § 455(b)(4) requires recusal because of the judge's financial interest in the case**. *In re City of Houston*, 745 F.2d at 928 n. 6 (strongly implying that judges must recuse themselves if they are class members with a pecuniary interest in the outcome of the litigation); *Christiansen v. National Sav. & Trust Co.*, 683 F.2d 520, 526 (D.C.Cir.1982) (implying that judges should recuse themselves if they are members of a class for which individual recovery is sought); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1024 (9th Cir.1981) (implying that judge's ownership of stock in a putative class member requires recusal).

(Emphasis added).

In the present case, the circuit court judge is a potential class member and could be entitled to recover financially if the class action is successful. We find that this potential financial interest creates an appearance of impropriety. Under this Court's well-established case law, "a person cannot be a judge in a cause wherein he is interested, whether he be a party to the suit or not." Syl. Pt. 1, in part, *Findley*. The circuit court judge appropriately requested that he be recused from presiding over further action in this matter. This Court granted his motion for disqualification. However, because the circuit court judge granted the class certification order prior to his disqualification, and because this certification order is the central issue in this litigation, we find that Municipal Water's writ challenging the circuit court's March 12, 2019, order certifying the class must be granted.

### B. Rule 23(a) Prerequisites

Next, Municipal Water argues that the circuit court's order did not include a "thorough analysis" explaining how plaintiffs satisfied the four prerequisites contained in

10

Rule 23(a). Municipal Water argues that under this Court's well-settled case law, a class action may only be certified after a circuit court undertakes a rigorous analysis of the four requirements set forth in Rule 23(a). Because this analysis did not occur, Municipal Water asserts that the circuit court's order granting class certification must be vacated. We agree.

This Court has addressed the circuit court's role in deciding whether to certify a class action:

> Before certifying a class under Rule 23 of the *West Virginia Rules of Civil Procedure* [1998], a circuit court must determine that the party seeking class certification has satisfied all four prerequisites contained in Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and has satisfied one of the three subdivisions of Rule 23(b). As long as these prerequisites to class certification are met, a case should be allowed to proceed on behalf of the class proposed by the party.

Syl. Pt. 8, *In re W. Va. Rezulin Litig*., 214 W. Va. 52, 585 S.E.2d 52.[7] "The party who seeks to establish the propriety of a class action has the burden of proving that the prerequisites of Rule 23 of the *West Virginia Rules of Civil Procedure* have been satisfied." Syl. Pt. 6, *Jefferson Cty. Bd. of Educ. v. Jefferson Cty. Educ. Ass'n*, 183 W. Va. 15, 393 S.E.2d 653 (1990). Failure to satisfy all four Rule 23(a) prerequisites requires a court to deny class certification: "[i]f only one prerequisite is not met, class certification is not

---

[7] Municipal Water argued both to the circuit court and to this Court that plaintiffs failed to satisfy any of the Rule 23(b) prerequisites. Because our analysis herein rests on the Rule 23(a) factors, we need not address the arguments raised by the parties regarding Rule 23(b).

11

appropriate." *State ex rel. Erie Ins. Prop. & Cas. Co. v. Nibert*, No. 16-0884, 2017 WL

564160, at *2 (W. Va. Feb. 13, 2017) (memorandum decision) (*quoting Jones v. Am. Gen.*

*Life & Accident Ins. Co.*, 213 F.R.D. 689, 699 (S.D. Ga. 2002)).

        In *Rezulin*, this Court provided specific guidance addressing numerosity,[8]

commonality,[9] typicality,[10] and adequacy of representation.[11] Additionally, this Court has

---

[8] "The numerosity provision of Rule 23(a)(1) of the *West Virginia Rules of Civil Procedure* [1998] requires that a class be so numerous that joinder of all of its members is 'impracticable.' It is not necessary to establish that joinder is impossible; rather, the test is impracticability. The test for impracticability of joining all members does not mean 'impossibility' but only difficulty or inconvenience of joining all members." Syl. Pt. 9, *Rezulin*.

[9] "The 'commonality' requirement of Rule 23(a)(2) of the *West Virginia Rules of Civil Procedure* [1998] requires that the party seeking class certification show that 'there are questions of law or fact common to the class.' A common nucleus of operative fact or law is usually enough to satisfy the commonality requirement. The threshold of 'commonality' is not high, and requires only that the resolution of common questions affect all or a substantial number of the class members." Syl. Pt. 11, *Rezulin*.

[10] "The 'typicality' requirement of Rule 23(a)(3) of the *West Virginia Rules of Civil Procedure* [1998] requires that the 'claims or defenses of the representative parties [be] typical of the claims or defenses of the class.' A representative party's claim or defense is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. Rule 23(a)(3) only requires that the class representatives' claims be typical of the other class members' claims, not that the claims be identical. When the claim arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment." Syl. Pt. 12, *Rezulin*.

[11] "The 'adequacy of representation' requirement of Rule 23(a)(4) of the *West Virginia Rules of Civil Procedure* [1998] requires that the party seeking class action status show that the 'representative parties will fairly and adequately represent the interests of the class.' First, the adequacy of representation inquiry tests the qualifications of the attorneys

12

held that "(a) class action may only be certified if the trial court is satisfied, *after a thorough analysis*, that the prerequisites of Rule 23(a) of the *West Virginia Rules of Civil Procedure* have been satisfied. Further, the class certification order *should be detailed and specific* in showing the rule basis for the certification and the relevant facts supporting the legal conclusions." Syl. Pt. 8, *State ex rel. Chemtall Inc. v. Madden*, 216 W. Va. 443, 607 S.E.2d 772 (emphasis added). One legal treatise explained that a circuit court must "conduct an intense factual investigation" before certifying a class action under Rule 23(a):

> To determine whether class certification is appropriate, trial courts must conduct an intense factual investigation. A trial court must rigorously analyze Rule 23's prerequisites before certifying a class. This requires an understanding of the relevant claims, defenses, facts, and substantive law presented in the case. Class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action. When there are disputed facts relevant to Rule 23 requirements, overlap with the merits should not be talismanically invoked to artificially limit a trial court's examination of the factors necessary to a reasoned determination of whether a plaintiff has met his or her burden of establishing each of the Rule 23 class action requirements.
>
> . . . .
>
> An order that certifies a class action must define the class and class claims, issues, or defenses. Specifically, the text of the order or an incorporated opinion must include (1) a readily discernible, clear, and precise statement of the parameters defining the class or classes to be certified, and (2) a readily discernible, clear, and complete list of the claims, issues or defenses to be treated on a class basis. Clearly delineating the contours of the class along with the issues,

to represent the class. Second, it serves to uncover conflicts of interest between the named parties and the class they seek to represent." Syl. Pt. 13, *Rezulin*.

13

claims, and defenses to be given class treatment serves several important purposes, such as providing the parties with clarity and assisting class members in understanding their rights and making informed opt-out decisions.

Louis J. Palmer, Jr., and Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 23, at 617-18 (5th ed.2017).[12]

Turning to the instant case, the circuit court's order does not contain a rigorous analysis of the four Rule 23(a) prerequisites. Instead, the analysis only provides a brief, general statement concluding that plaintiffs have satisfied each of the four prerequisites. For example, the circuit court's analysis of whether plaintiffs satisfied Rule 23(a)'s numerosity requirement was, in full, "[t]he size and scope of the putative class is sufficiently large to compel the conclusion that numerosity does lie, and that joinder of this many individuals is impracticable." Similarly, the order's substantive analysis of the

---

[12] In syllabus points 7 and 8 of *State ex rel. West Virginia University Hospitals, Inc. v. Gaujot*, 242 W. Va. 54, 829 S.E.2d 54 (2019), this Court held that merits questions may be considered for the limited purpose of determining whether the Rule 23 prerequisites have been satisfied:

> 7. "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466, 133 S. Ct. 1184, 1195, 185 L. Ed. 2d 308 (2013).

> 8. When consideration of questions of merit is *essential* to a thorough analysis of whether the prerequisites of Rule 23 of the *West Virginia Rules of Civil Procedure* [2017] for class certification are satisfied, failing to undertake such consideration is clear error and an abuse of discretion.

14

commonality requirement was, in full, "[g]iven the nature of the claims in the case, class members share overarching questions of both law and fact in relation to the class claim; as such, the commonality prong of Rule 23 is satisfied."

The circuit court's analysis of the typicality prerequisite provides,

> Plaintiffs' claims rest on precisely the same legal and factual foundations as those of the class which they seek to represent. There are no significant legal or factual differences between Plaintiffs' claims and those of the proposed class members. Their interests are squarely aligned with the interests of the class members and his claims arise from the same course of conduct as the claims of the class members.

The circuit court's order did not describe in specific detail the legal and factual foundations underlying the class.

In sum, it is clear that the circuit court's order did not contain a thorough analysis of the Rule 23(a) factors—the order's brief, general analysis of the four factors falls far short of the detailed and specific showing that is required. Instead of "[c]learly delineating the contours of the class along with the issues, claims, and defenses to be given class treatment," the circuit court's order provides only a general, non-specific review of the Rule 23(a) requirements. Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 23, at 618. Because the circuit court failed to conduct a thorough analysis of the Rule 23(a) factors, the order granting class certification must be vacated.

### IV. CONCLUSION

Accordingly, for the reasons stated above, we find that Municipal Water is entitled to a writ of prohibition to prohibit the enforcement of the circuit court's March 12,

15

2019, order granting plaintiffs' motion for class certification.  The circuit court's order is vacated and the case is remanded for further proceedings.

Writ Granted.